IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Noris M. Flores <br>                 Debtor | CHAPTER 13 |
| ARC - ASSETS RECOVERY 23, LLC <br>                 Movant <br> vs. | NO. 16-11278 SR |
| Noris M. Flores <br>                 Debtor <br> Frederick L. Reigle <br>                 Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$9,714.90,** which breaks down as follows;

Post-Petition Payments:     July 2016 through September 2017 at $647.66 per month
**Total Post-Petition Arrears:**     **$9,714.90**

2. The Debtor(s) shall cure said arrearages in the following manner;

    a). Within seven (7) days of the filing of this Stipulation, Debtor(s) shall tender a down payment of **$7,300.00.**

    b). Beginning on October 1, 2017 and continuing through March 1, 2018, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$647.66** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$402.48** towards the arrearages on or before the last day of each month at the address below;

ClearSpring Loan Services<br>
19451 Dallas Parkway, Suite 100N<br>
Dallas, TX 75287

    c). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within TEN (10) days of the date of said notice. If Debtor(s) should fail to cure the default within TEN (10) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:    August 30, 2017

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 9/11/17

Michael A. Cataldo, Esquire
Attorney for Debtor

Date: _____

Michael A. Cibik, Esquire
Attorney for Debtor

Noris Flores

Date: 10/13/17

_____
Frederick L. Reigle
Chapter 13 Trustee

Approved by the Court this \_\_\_\_\_ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Stephen Raslavich