United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 16-11278-jkf
Noris M. Flores                                                           Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2        User: Virginia          Page 1 of 1              Date Rcvd: Oct 16, 2017
                            Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 18, 2017.
db              +Noris M. Flores,    461 E. Ontario Street,    Philadelphia, PA 19134-1124

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 18, 2017                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 16, 2017 at the address(es) listed below:
      BRIAN CRAIG NICHOLAS    on behalf of Creditor    ARC - ASSETS RECOVERY 23, LLC
       bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com
      FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
      JENNIE C. TSAI    on behalf of Creditor    HSBC Bank USA, N.A., As Trustee et. al.
       jennie.tsai@phelanhallinan.com
      JOSEPH ANGEO DESSOYE    on behalf of Creditor    HSBC Bank USA, N.A., As Trustee et. al.
       paeb@fedphe.com
      MARISSA M. O'CONNELL    on behalf of    CITY OF PHILADELPHIA LAW DEPARTMENT - TAX UNIT
       marissa.o'connell@phila.gov, James.Feighan@phila.gov
      MATTEO SAMUEL WEINER    on behalf of Creditor    ASSETS RECOVERY 23, LLC bkgroup@kmllawgroup.com
      MEGAN N. HARPER    on behalf of Creditor    City of Philadelphia megan.harper@phila.gov,
       james.feighan@phila.gov
      MICHAEL A. CATALDO2    on behalf of Debtor Noris M. Flores ecf@ccpclaw.com,
       igotnotices@ccpclaw.com
      MICHAEL A. CATALDO2    on behalf of Plaintiff Noris M. Flores ecf@ccpclaw.com,
       igotnotices@ccpclaw.com
      MICHAEL A. CIBIK2    on behalf of Debtor Noris M. Flores ecf@ccpclaw.com, igotnotices@ccpclaw.com
      POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
       ecf_frpa@trustee13.com
      REBECCA ANN SOLARZ    on behalf of Creditor    ARC - ASSETS RECOVERY 23, LLC bkgroup@kmllawgroup.com
      THOMAS I. PULEO    on behalf of Creditor    ASSETS RECOVERY 23, LLC tpuleo@kmllawgroup.com,
       bkgroup@kmllawgroup.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                               TOTAL: 14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Noris M. Flores<br>                Debtor<br><br>ARC - ASSETS RECOVERY 23, LLC<br>                Movant<br>vs.<br>Noris M. Flores<br>                Debtor<br><br>Frederick L. Reigle<br>                Trustee | CHAPTER 13<br><br><br>NO. 16-11278 xxJKF<br><br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$9,714.90,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 2016 through September 2017 at $647.66 per month |
| **Total Post-Petition Arrears:** | **$9,714.90** |

2. The Debtor(s) shall cure said arrearages in the following manner;

    a). Within seven (7) days of the filing of this Stipulation, Debtor(s) shall tender a down payment of **$7,300.00.**

    b). Beginning on October 1, 2017 and continuing through March 1, 2018, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$647.66** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$402.48** towards the arrearages on or before the last day of each month at the address below;

ClearSpring Loan Services
19451 Dallas Parkway, Suite 100N
Dallas, TX 75287

    c). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within TEN (10) days of the date of said notice. If Debtor(s) should fail to cure the default within TEN (10) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   August 30, 2017

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 9/11/17

Michael A. Cataldo, Esquire
Attorney for Debtor

Date: _____

Michael A. Cibik, Esquire
Attorney for Debtor

Noris Flores

Date: 10/12/17

_____
Frederick L. Reigle
Chapter 13 Trustee

The foregoing Stipulation between Assets Recovery and the Debtor is Approved by the Court this __16th__ day of __October__, 2017. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
xxxxxxxxxxxxxxxx Jean K. FitzSimon